THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLAUDIA " PP "*, on Behalf of BABY " PP "*, Appellant, *v.* CLARENCE SACKEY, as Commissioner of the Town of Union Social Services Department, Respondent.

Third Department, November 30, 1972.

*Ronald Slocum* for appellant.

*Vincent P. Vetrano* for respondent.

*Bruno Colapietro,* Law Guardian.

REYNOLDS, J. This is an appeal from a judgment of the Family Court, Broome County, dismissing a writ of habeas corpus after a hearing.

In the instant proceeding the appellant seeks to obtain the return of a son born to her on May 6, 1971. Appellant, then aged 20, was not married when she gave birth and during her pregnancy was indecisive about whether she would keep the child or not. She did not, however, take the baby from the hospital with her when she left and, on May 20, 1971, she went to the respondent's office and signed a surrender form allegedly under the belief that she had only two weeks in which to decide whether to surrender the child. The child, meanwhile, had been picked up at the hospital by a representative of the respondent, placed first in a foster home and then with adoptive parents. It is evident that almost immediately appellant had reservations about her decision and had, in fact, contacted the respondent several times with reference to the child; several times to ask for pictures of the child and other times to ask whether the child had been placed in an adoptive home. Then, on October 20, 1971, appellant contacted the respondent's office and made an appointment to discuss the possible return of the child. The appointment was made for October 28 at which time appellant asked for its return. The respondent rejected appellant's request and she thereupon revoked her consent to surrender

by letter and, when the child was still not returned, instituted the instant proceeding. The Family Court, following a full evidentiary hearing, found that appellant had abandoned the child and was unfit as a parent and that the best interests of the child were thus served by leaving the child with the adoptive parents. The court, accordingly, dismissed appellant's petition and the instant appeal ensued.

In cases of this sort, the best interests of the child are of paramount concern (e.g., *People ex rel. Scarpetta* v. *Spence-Chapin Adoption Serv.*, 28 N Y 2d 185; see, Social Services Law, § 383, subd. 1). However, where the struggle for custody is between a natural parent and some other person, there is a presumption that the best interests of the child are served by returning it to its natural parent (*People ex rel. Scarpetta* v. *Spence-Chapin Adoption Serv., supra*; *People ex rel. Kropp* v. *Shepsky*, 305 N. Y. 465; *People ex rel. Portnoy* v. *Strasser*, 303 N. Y. 539). And this assumption cannot be overcome except for the gravest reasons (*Matter of Spence-Chapin Adoption Serv.* v. *Polk*, 29 N Y 2d 196; *People ex rel. Scarpetta* v. *Spence-Chapin Adoption Serv., supra*; *People ex rel. Kropp* v. *Shepsky, supra*; *People ex rel. Portnoy* v. *Strasser, supra*) such as where the parent has abandoned the child or is unfit (*People ex rel. Anonymous* v. *Anonymous*, 10 N Y 2d 332; *Matter of Maxwell*, 4 N Y 2d 429). The fact that the adoptive parents generally could provide more material benefits to the child is considered to be outweighed by the parental love the natural parent could supply (*People ex rel. Scarpetta* v. *Spence-Chapin Adoption Serv., supra*; *People ex rel. Kropp* v. *Shepsky, supra*; *People ex rel. Portnoy* v. *Strasser, supra*).

The Family Court found here both that appellant was unfit and that she had abandoned her child. Considering the burden of proof required to sustain these allegations (*People ex rel. Kropp* v. *Shepsky, supra*), we do not find that the instant record supports these findings. Concededly, appellant signed the surrender and consent document but, that alone, did not constitute abandonment (*Matter of Maxwell, supra*, p. 433) and there is no question that she had a continued interest in and concern for the child, which eventually led to her request for return of the child. Nor can it be said that the six-month period between the date of surrender and the demand for the child's return demonstrates an abandonment where, as noted, appellant had continued interest in the child during this period (*People ex rel. Anonymous* v. *Anonymous*, 19 Misc 2d 441; cf. *People ex rel. Anonymous* v. *Anonymous*, 10 N Y 2d 332; *Matter*

*of Maxwell, supra*; *People ex rel. Doe* v. *Edwards,* 31 A D 2d 64, affd. 23 N Y 2d 925). Moreover, Dr. Friedman, Director of the Broome County Mental Health Clinic and Commissioner of Mental Health Services of Broome County, testified that returning the child to his natural mother would have no great effect on a child at its then age and, of course, any further delay in return caused by the instant proceedings cannot justify a refusal to return the child. With respect to the finding of unfitness, there is involved no contention that appellant is a drunkard, notoriously immoral, cruel, indifferent, irresponsible or unkind toward the child. The sole issues are her competence and motivation for wanting the child returned. Again, as noted, the burden is on those seeking to prevent the natural parent from receiving the child to establish her incompetence or lack of proper motivation. Such have not been established on the instant record. Rather, it would appear that appellant was perfectly capable of functioning as a normal parent and was trying to solve her problem and establish sensible life patterns despite her previous difficulties and her limited abilities. Of course, it is hard in cases such as this when one compares the background of the adoptive parents and particularly the material advantages they can bestow upon the child not to let such considerations influence the decision but that is not the test and the natural parent's fitness should not be measured in the light thereof.

The judgment should be reversed, on the law and the facts, without costs, and the writ of habeas corpus sustained.

HERLIHY, P. J., SWEENEY, SIMONS and KANE, JJ., concur.

Judgment reversed, on the law and the facts, without costs, and writ of habeas corpus sustained.